IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| THE KROGER CO., and THE KROGER CO. OF MICHIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> LIDL US, LLC and LIDL STIFTUNG & CO. KG, <br><br> Defendants. | § § § § § § § § § § § § § § § Civil Action No.: 3:17cv480 |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

For its complaint against Lidl US, LLC ("Lidl US") and Lidl Stiftung & Co., KG ("Lidl Stiftung") (collectively "Lidl" or Defendants), Plaintiffs The Kroger Co. ("Kroger Co.") and The Kroger Co. of Michigan ("Kroger Michigan") (collectively "Kroger" or Plaintiffs) allege as follows:

**NATURE OF ACTION**

1. This is an action for:

    a. trademark and service mark infringement with respect to federally registered and common law trademarks of Kroger Michigan in violation of 15 U.S.C. § 1114;

    b. false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. dilution of federally registered trademarks and service marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c);

    d. violation of the Virginia Consumer Protection Act, Va. Code § 59.1-200; and

    e. common law trademark and service mark infringement and unfair competition.

## THE PARTIES

2. Plaintiff Kroger Co. is an Ohio corporation having a having a business address at 1014 Vine Street, Cincinnati, Ohio 45202, and

3. Plaintiff Kroger Michigan is a Michigan corporation having a business address at 40399 Grand River Avenue, Novi, Michigan 48375.

4. On information and belief, Defendant Lidl Stiftung, is a German Kommanditgesellschaft, having an address at Stiftsbergstrasse 1, 74167 Neckarsulm, Germany.

5. On information and belief, Defendant Lidl US is a Delaware corporation, having a business address and headquarters at 3500 South Clark Street, Arlington, Virginia, 22202.

6. On information and belief, Lidl US is a subsidiary of Lidl Stiftung.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims under at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 & 1338(a). The Court has jurisdiction over Plaintiffs' related state and common law claims at least under 28 U.S.C. 1338(b) and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Defendants are subject to personal jurisdiction in this judicial district. On information and belief, Lidl US has headquarters in this judicial district and is doing business therein; Lidl Stiftung is a related company to Lidl US; Lidl Stiftung claims ownership of the trademark PREFERRED SELECTION and design complained of herein; it is using said mark in this district directly or indirectly through Lidl US; Lidl Stiftung has filed a trademark application with the United States Patent and Trademark Office ("USPTO") in this judicial district; Lidl has opened multiple stores in this judicial district; and both Defendants are engaged in the acts of infringement, dilution, and unfair competition complained of herein and thereby causing Plaintiffs harm in this judicial district. Defendants also do business in this judicial district and engage in other systematic and continuous contacts and regular transactions within this district.

## FACTS

9. Kroger Michigan owns the trademarks and service marks PRIVATE SELECTION and PRIVATE SELECTION and design for retail grocery store services and a very wide variety of grocery products sold in stores throughout the United States and in this judicial district. Kroger Michigan registered the marks in the USPTO. In particular, Kroger Michigan owns the following United States Trademark and Service Mark Registrations (collectively "Kroger Registrations"):

   a) PRIVATE SELECTION for goods in Classes 29, 30, 31, and 32, filed March 26, 2001 and registered February 11, 2003 (Reg. No. 2685492);

   b) PRIVATE SELECTION for services in Class 35, filed September 16, 2002 and registered July 22, 2003 (Reg. No. 2740565);

   c) PRIVATE SELECTION for goods in Class 29, filed April 11, 2003 and registered March 9, 2004 (Reg. No. 2821350);

d) PRIVATE SELECTION for goods in Class 30, filed December 15, 2004 and registered December 6, 2005 (Reg. No. 3023783);

e) PRIVATE SELECTION for goods in Classes 29, 30, and 31, filed April 19, 2012 and registered December 18, 2012 (Registration No. 4260842); and

f)  for goods in Classes 29 and 30, filed April 1, 2010 and registered December 4, 2012 (Reg. No. 4254353).

10. The first four registrations listed above are "incontestable" within the meaning of 15 U.S.C. § 1065, and thereby establish conclusive presumptions of the validity of the registered marks and Kroger Michigan's ownership thereof and exclusive rights to use and license the use of the same. The last two registrations enjoy *prima facie* presumptions of the same pursuant to 15 U.S.C. § 1057(b).

11. The Kroger Co. has more than twenty differently-named grocery and convenience store banners across the country, collectively referred to as the "Kroger Family of Stores."

12. Kroger Michigan licenses the PRIVATE SELECTION marks to Kroger Co. and other grocery stores banners within the Kroger Family of Stores.

13. Kroger first used the mark PRIVATE SELECTION at least as early as twenty years ago, and the use of said mark has grown continuously and extensively since then along with the size and national reach of the Kroger Family of Stores, which include supermarkets, convenience stores, and other retail stores of diverse sizes and formats.

14. Kroger has widely advertised the PRIVATE SELECTION mark and logo on television, promotions, coupons, social media, and the Kroger websites, Kroger.com and PrivateSelection.com.

4814-7866-2219.v1

15. Kroger sales of products in connection with the PRIVATE SELECTION marks have been in the billions of units and dollars on a steadily growing scale.

16. Kroger's PRIVATE SELECTION mark and logo were first used in commerce and registered long before Lidl's acts complained of herein.

17. Since their first use, Kroger's PRIVATE SELECTION mark and logo have acquired secondary meaning evidenced at least in part by the billions of dollars of sales of thousands of PRIVATE SELECTION products to millions of United States households through thousands of stores in the Kroger Family of Stores.

18. As a result of Kroger's long and successful use and substantial sales and advertising of its PRIVATE SELECTION marks, they have come to symbolize and memorialize Kroger's enormous goodwill therein, and said marks became famous long before Lidl's acts complained of herein.

19. On information and belief, Lidl US and/or Lidl Stiftung knew of one or more of the Kroger Registrations before using PREFERRED SELECTION as a potential trademark.

20. On September 19, 2016, Lidl Stiftung filed an Intent-to-Use application ("Lidl TM Application") in the USPTO to register the mark PREFERRED SELECTION and Design (Serial No. 87175637), as shown below, for a wide variety of grocery products.



21. On information and belief, Lidl US and/or Lidl Stiftung had knowledge of one or more of Kroger Registrations before filing the Lidl TM Application at the USPTO.

4814-7866-2219.v1

22. By oral and written communications between Kroger and Lidl in-house counsel and outside counsel, Kroger objected to Lidl's registration and/or use of the PREFERRED SELECTION mark and logo. Kroger also asserted its PRIVATE SELECTION marks and logo and maintained that Lidl's PREFERRED SELECTION mark and logo would be likely to cause confusion, likely to cause dilution, and constitute unfair competition. Lidl rejected Kroger's objections.

23. On March 21, 2017, Kroger filed an Opposition to Lidl's Intent-To-Use PREFERRED SELECTION trademark application before the Trademark Trial and Appeal Board ("TTAB") of the USPTO. (Opposition No. 91233541).

24. Concurrent with this civil action, Kroger is filing a motion with the TTAB to stay the TTAB proceedings pending the outcome of this civil action, on grounds that this civil action may likely be dispositive of the TTAB proceedings.

25. On or about June 15, 2017, Lidl opened grocery stores for business in this judicial district and elsewhere in interstate commerce, with plans to open many more such stores on the East Coast and elsewhere.

26. According to a press release from Lidl US, Lidl expects to open 20 stores during the summer of 2017 and to have 100 stores open across the East Coast of the United States by next summer.

27. Lidl uses the PREFERRED SELECTION mark and logo throughout the Lidl grocery stores, on and in connection with the promotion and sale of a variety of different grocery products and services.

28. An example of the PREFERRED SELECTION logo as actually used appears as follows:



29. On information and belief, Lidl plans to sell PREFERRED SELECTION brand groceries throughout all of its United States stores.

30. Lidl has commenced use of the PREFERRED SELECTION mark with full knowledge of Kroger's objections thereto and Kroger's Registrations, and Lidl's actions herein have been willful and deliberate acts of infringement and unfair competition, which will cause irreparable harm and other damages to Kroger.

31. On information and belief, Lidl's actions have been done with the intent to capitalize on and benefit from the goodwill in Kroger's PRIVATE SELECTION marks by causing confusion with Lidl's PREFERRED SELECTION mark.

32. By the wrongful conduct alleged herein, including without limitation offering for sale and selling products bearing an infringing mark, Lidl has competed unfairly and continues to compete unfairly with Kroger in that such use of the infringing mark is likely to cause confusion, mistake, or deception as to sponsorship, origin, or approval.

33. As a direct result of Lidl's wrongful conduct, Kroger has suffered and will continue to suffer irreparable injury, including, but not limited to, injury to its trademarks and to the goodwill and business reputation associated with those trademarks. Moreover, as a direct result of Lidl's wrongful conduct, Kroger has suffered harm.

4814-7866-2219.v1

34. By the wrongful conduct alleged herein, Lidl has engaged in the knowing, deliberate, bad faith, and willful violation of the law, and the knowing, deliberate, bad faith, and willful infringement of Kroger's trademarks.

35. By the wrongful conduct alleged herein, Lidl has been and is likely to continue to be unjustly enriched to the detriment of Kroger.

## Claim I

### Federal Trademark & Service Mark Infringement

36. Kroger alleges trademark and service mark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. The foregoing averments are incorporated herein by reference.

37. Lidl's unauthorized use in interstate commerce of the PREFERRED SELECTION mark is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

38. Lidl's acts as alleged herein constitute intentional and willful infringement of Kroger's rights.

39. Lidl's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Kroger, for which there is no adequate remedy at law.

## Claim II

### Federal Unfair Competition

40. Kroger alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Kroger incorporates by reference and re-alleges the averments of the foregoing paragraphs.

41. Lidl's use of the PREFERRED SELECTION mark in connection with groceries and grocery store services constitutes use of a false designation of origin in interstate commerce, falsely describing or representing Lidl's goods, and causing likelihood of confusion, mistake or

deception as to the affiliation, connection, or association of Lidl and Lidl's goods and services with Kroger, and/or as to the sponsorship or approval of Lidl or Lidl's goods and services by Kroger.

42. Lidl's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Kroger, for which there is no adequate remedy at law.

## Claim III

### Federal Dilution

43. Kroger alleges federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Kroger incorporates by reference and re-alleges the averments of the foregoing paragraphs.

44. Lidl's unauthorized use of the PREFERRED SELECTION mark is likely to cause dilution by blurring the distinctive quality of Kroger's famous PRIVATE SELECTION mark, in violation of 15 U.S.C. § 1125(c).

45. Lidl's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Kroger, for which there is no adequate remedy at law.

## Claim IV

### Violation of Virginia Consumer Protection Act

46. Kroger hereby alleges violation of the Virginia Consumer Protection Act. Kroger incorporates by reference and re-alleges the averments of the foregoing paragraphs.

47. Lidl's unauthorized use of the PREFERRED SELECTION mark is a deceptive act or practice, on which Lidl intends consumers to rely, and is an act or practice in a course of conduct involving trade or commerce.

48. Lidl's conduct involves trade practices that are directed to the market generally and that implicate consumer protection concerns.

49. Lidl is misrepresenting to consumers, and contributing to the ability of others to misrepresent, that the goods and services of Lidl are the goods and services of Kroger in violation of Va. Code § 59.1-200(A)(1).

50. Lidl is misrepresenting to consumers, and contributing to the ability of others to misrepresent, that the goods and services of Lidl are sponsored by, approved by, or certified by Kroger, or that Kroger is the source of same, in violation of Va. Code § 59.1-200(A)(2).

51. Lidl is misrepresenting to consumers, and contributing to the ability of others to misrepresent, that the goods and services of Lidl are affiliated, connected, or associated with Kroger in violation of Va. Code § 59.1-200(A)(3).

52. Lidl is misrepresenting to consumers, and contributing to the ability of others to misrepresent, that the goods and services of Lidl have the characteristics and benefits of the goods and services of Kroger in violation of Va. Code 59.1-200(A)(5).

53. Lidl is misrepresenting to consumers, and contributing to the ability of others to misrepresent, that the goods and services of Lidl are similar to the goods and services of Kroger in terms of quality, grade, or style in violation of Va. Code 59.1-200(A)(6).

54. Lidl's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Kroger, for which there is no adequate remedy at law.

4814-7866-2219.v1

**Claim V**

**Common Law Infringement and Unfair Competition**

55. Kroger hereby alleges common law trademark and service mark infringement and unfair competition in violation of common law. Kroger incorporates by reference and re-alleges the averments of the foregoing paragraphs.

56. Lidl's use of the PREFERRED SELECTION mark constitutes trademark and service mark infringement and is likely to cause confusion, or to cause mistake or to deceive in violation of the common law.

57. Lidl's use of the PREFERRED SELECTION mark constitutes unfair competition in violation of common law.

58. Lidl's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Kroger, for which there is no adequate remedy at law.

**DEMAND FOR RELIEF**

WHEREFORE, pursuant to its rights under the law, including, without limitation, rights under Federal Rule of Civil Procedure 65; the Lanham Act, 15 U.S.C. §§ 1117 & 1125(a), and Virginia law, and any other law or statute this Court deems applicable, Kroger requests judgment against Lidl US and Lidl Stiftung as follows and requests that this Court enter the following order:

A. That Lidl's use of the PREFERRED SELECTION mark constitutes federal trademark and service mark infringement, federal dilution and unfair competition, a deceptive act or practice under Virginia law, and infringement and unfair competition under common law.

B. That Lidl US, Lidl Stiftung, their employees, agents, assigns, servants, and any other person in active concert or participation with any of them, be preliminarily and permanently enjoined from:

i. Using the PREFERRED SELECTION word mark or logo in connection with grocery products or grocery store services, or with any other product or services, that are likely to cause confusion, mistake, or deception with respect to Kroger's PRIVATE SELECTION mark or logo;

ii. Doing any other act or thing likely to induce the mistaken belief that Lidl's goods and services are in any way affiliated, connected, or associated with Kroger or Kroger's goods or services or doing any other act or thing likely to cause confusion with respect to Kroger's PRIVATE SELECTION mark and logo; and

iii. Injuring Kroger's business reputation or goodwill associated with the PRIVATE SELECTION mark and logo, and from otherwise unfairly competing with Kroger in regards to the PRIVATE SELECTION mark in any way.

C. That, pursuant to 15 U.S.C. § 1118, Lidl be ordered to deliver up for destruction all materials, including but not limited to labels, packages, wrappers, receptacles, advertisements, promotions or other displays of PREFERRED SELECTION in the custody or control of Lidl, and that Lidl remove all references to PREFERRED SELECTION on its website, social media, or otherwise online.

4814-7866-2219.v1

D. That, pursuant to 15 U.S.C. § 1116, Lidl file with the Court and serve upon Kroger within thirty (30) days after issuance of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Lidl has complied with the injunction.

E. That Kroger be awarded monetary relief in an amount to be fixed by the Court, including, but not limited to:

  i. All profits received by Lidl from sales and revenues of any kind in connection with the goods and services sold in connection with the PREFERRED SELECTION mark;

  ii. All damages sustained by Kroger as a result of Lidl's acts of infringement, dilution, and unfair competition;

  iii. All damages, compensatory and punitive, as permitted under the law of the Commonwealth of Virginia, arising from Lidl's deliberate infringing actions.

F. That Lidl be ordered to compensate Kroger in an amount enabling Kroger to conduct corrective advertising reasonably calculated to remedy any and all consumer confusion created as a result of Lidl's unlawful actions.

G. That Lidl expressly abandon its USPTO application for the PREFERRED SELECTION logo, and not hereafter apply to register the same or any confusingly similar mark with the USPTO or any state, district, or territory of the United States.

H. That this Court award to Kroger all reasonable attorney fees, costs, or disbursements incurred by Kroger as a result of this action.

4814-7866-2219.v1

I. That the Court require Lidl to pay prejudgment interest on any and all monetary awards (in whatever form), costs and expenses for this suit to which Kroger is entitled.

J. That Lidl disgorge all unjust enrichment resulting from its unlawful actions and pay over same to Kroger.

K. That the Court grant Kroger Co. and Kroger Michigan a preliminary injunction of the type sought hereinabove, effective immediately and remaining in effect until final judgment is entered.

L. That the Court order all other and further relief that it deems proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Date: June 30, 2017

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ Wm. P. Atkins
_____
William P. Atkins
VA Bar No. 47562
Benjamin L. Kiersz
VA Bar No. 47043
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
Tel.: (703) 770-7900
Fax:  (703) 770-7901
Email: william.atkins@pillsburylaw.com
Email: benjamin.kiersz@pillsburylaw.com

*Attorney for Plaintiffs*
*The Kroger Co., and*
*The Kroger Co. of Michigan*